57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Thomas C. SIMIELE, Plaintiff-Appellant,
v.
The BOARD OF EDUCATION OF THE CLEVELAND CITY SCHOOL BOARD,
Lawrence Lumpkin, James Lumsden, Susan Leonard,
Stanleye. Tolliver, James M. Carney,
Jr., and Gary Kucinich,
Defendants-Appellees.
 No. 94-3321.
 United States Court of Appeals, Sixth Circuit.
 June 5, 1995.
 
 Before: MARTINand RYAN, Circuit Judges; and GIBSON, Senior Circuit Judge.*
 RYAN, Circuit Judge.
 
 
 1
 The plaintiff, Thomas C. Simiele, appeals from the district court's grant of summary judgment for the defendants, the Board of Education and the individual members of the Board, in this suit under 42 U.S.C. Sec. 1983 in which the plaintiff alleged discharge from public employment in violation of his due process rights under the Fourteenth Amendment, and political belief rights under the First Amendment. Simiele's appeal presents two issues: 1) Whether the district court erred when it concluded that Simiele did not have a limited property right to his position as general counsel to the Board that was cognizable under the Fourteenth Amendment's Due Process Clause, and 2) whether the district court erred when it concluded that Simiele's position as general counsel was one for which political view was a permissible criterion and so the First Amendment did not protect Simiele from politically motivated discharge.
 
 
 2
 Simiele has also presented the court with a motion to certify questions of law to the Ohio Supreme Court. After examining the merits of Simiele's claim, we decline to order certification.
 
 
 3
 We conclude that the district court did not err in granting summary judgment for the Board and affirm.
 
 I.
 
 4
 The facts in this case are essentially undisputed. On July 28, 1981, the Cleveland Board of Education hired Simiele, an attorney, as its first in-house counsel. Simiele was hired and his job description was created by Board resolution. On September 28, 1981, the Board passed a resolution creating a law department and appointing Simiele to be its administrative head. When Simiele was hired, he was hired into an "exempted position," that is, he was not subject to the protections or requirements of the civil service code.
 
 
 5
 In November 1991, the Board's political make up changed when a slate of reform-minded members was elected. One of the concerns of these reformers was the Board's handling of the desegregation suit pending against the Cleveland City School District. Apparently Simiele and a majority of the prior Board members felt that an adversarial stance was appropriate, while the "reformers" favored a more conciliatory approach to the litigation. In December 1991, after a change in the Board majority, Simiele claimed, for the first time, that he was a contract employee as distinguished from an at-will employee because he was an "other administrator" as defined in Ohio Rev. Code Sec. 3319.02, as amended in 1987. The significance is that the "other administrator" under Ohio Rev. Code Sec. 3319.02 has a limited expectancy in continued employment--a property interest--and cannot be discharged except for just cause. The Board did not agree and, on February 28, 1992, they passed a resolution terminating Simiele effective immediately. It is not disputed that Simiele was provided no notice or opportunity to be heard before he was terminated.
 
 
 6
 On January 26, 1993, Simiele filed suit in the Northern District of Ohio, alleging federal and state claims. His federal claims were based on Sec. 1983 for violation of due process and First Amendment rights under the Age Discrimination in Employment Act, 29 U.S.C. Secs. 161-234. Simiele also filed numerous state law claims. The Board moved for summary judgment on all counts and Simiele responded, ultimately proceeding only upon the due process and First Amendment claims. The district court granted the Board's motion for summary judgment as to the due process, First Amendment, and age discrimination claims. The court also dismissed without prejudice Simiele's remaining state claims under its discretion to refuse pendant jurisdiction of state claims after all federal claims had been disposed. Simiele timely filed notice of appeal.
 
 II.
 
 7
 Our review of a grant of summary judgment is de novo; we use the same test as used by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir. 1991). In reviewing summary judgment motions, courts must view the evidence in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).
 
 III.
 A.
 
 8
 Simiele argues that even though he was not in a "classified civil service" position and thus not entitled to the full protection of the civil service code, he was nevertheless entitled to the limited contractual rights afforded to "other administrators" under Ohio Rev. Code Sec. 3319. Simple argues that because the limited right to a contract gave him a property right in continued employment, and because that right was taken from him without any notice or opportunity to be heard, the Board violated his rights under the Due Process Clause of the Fourteenth Amendment.
 
 
 9
 The Board responds, as it did below, that Simiele was hired under the Board's authority to hire legal counsel, which is granted to it by Ohio Rev. Code Sec. 309.10, not Sec. 3319.02. Simiele was exempted from classified service when he was hired, and nothing in Sec. 390.10 suggests that the Board's attorney has any property right in continued employment.
 
 B.
 
 10
 Section 1 of the Fourteenth Amendment prohibits states from depriving a person of property without due process. The Constitution does not create property rights; those rights are derived from some other source, generally by action of state law. A public employee has a "property" interest in continued employment ifthe state created such an interest by, for example, guaranteeing employment absent good cause or by providing the employee with a contract. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 539 (1985). Ifthe state creates a property interest in continued employment, then it may only deprive the employee of that property interest after due process has been satisfied. Id. at 541. That process that is due is situation dependent, but as a minimum it must be notice and an opportunity to be heard. Id. at 542.
 
 
 11
 It is undisputed that Simiele received no due process whatsoever: he was terminated without notice or hearing. His federal claim, then, turns on whether he had a property interest in continuing employment. Ifhe had such an interest, itis derived from Ohio law.
 
 
 12
 The district court, in a well-written memorandum opinion, carefully analyzed the two sections of the Ohio Code at issue here: Sec. 309.10 and Sec. 3319.02. After properly applying the standards of summary judgment, the district court determined that Sec. 3319.02 did not provide Simiele with limited contract rights, and therefore Simiele had no "property interest" upon which to base his federal due process claim. We agree with the district court's reasoning entirely, and we see no point in restating what the district court has already stated so well. We adopt the district court's reasoning as our own.
 
 III.
 
 13
 In his second claim, Simiele argues that the Board terminated him because of his "association" with two Board members whose political views were contrary to the views of the majority of the Board. Simiele contends that the general counsel is not a position for which political viewpoint is a legitimate criterion and so he concludes that his discharge based on his political beliefs violated the First Amendment.
 
 
 14
 The First Amendment prohibits the government from terminating an employee solely because of the employee's political beliefs, unless political affiliation or view is a legitimate criterion for holding the position in question. Branti v. Finkel, 445 U.S. 507 (1980). A key determination whether political affiliation is a legitimate criterion is whether the position can be described as "confidential" or "policy maker." However, as the district court below observed, Branti held that that determination does not end the inquiry. The issue is "whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." Id. at 519.
 
 
 15
 In Williams v. City of River Rouge, 909 F.2d 151, 154 (6th Cir. 1990), the court elaborated on the rule of Branti: "When examining a public office for first amendment protection against politically-motivated dismissal, the relevant focus of analysis is the inherent duties of the position in question, not the work actually performed by the person who happens to occupy the office." After reviewing case law, the Williams court concluded that city and county attorneys are almost never positions for which First Amendment protection applies. That is true because the nature of the relationship between the attorney and the appointing authority is one in which, ordinarily, political affiliation is an appropriate requirement for effective performance of the role of counsel.
 
 
 16
 The district court carefully analyzed the controlling Sixth Circuit precedent and surveyed decisions from other circuits before concluding that Simiele's position as general counsel for the school board was a position for which political viewpoint was an appropriate criterion.
 
 As the district court stated:
 
 17
 The record shows that plaintiffhad personally adopted the [litigious] viewpoint that he had advocated for so many years on behalf of prior School Boards .... Under the circumstances, it was not unreasonable for defendants to believe that this serious divergence in views would adversely impact plaintiff's ability to perform his job effectively, as well as impair the defendants' ability to implement the reform agenda they were elected to accomplish.
 
 
 18
 Again, we agree entirely with the district court's analysis of this issue and adopt its reasoning as our own.
 
 IV.
 
 19
 Simiele's motion to certify these questions to the Ohio Supreme Court is denied, and the judgment entered below is AFFIRMED.
 
 
 
 *
 The Honorable John R. Gibson, Senior United States Circuit Judge of the United States Court of Appeals for the Eight Circuit, sitting by designation